


IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE.

\*\*\*

FREDERICK O. SILVER.
    Plaintiff,
vs.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; AND TRANS UNION LLC.,
    Defendants.

CASE NO: **22 - 1 2 1 7**

CIVIL COMPLAINT WITH CLAIMS FOR MONETARY DAMAGES.

**JURY TRIAL REQUESTED.**

## COMPLAINT WITH CLAIMS.

FREDERICK O. SILVER (hereinafter "Plaintiff"), by way of Complaint brings this Civil action, for Actual and Statutory Damages seeking Monetary Relief against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC for Violations of the Law, but not limited to The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq, as well as for relief for Defamation of Character. (the "FCRA") and other Claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

Plaintiff hereby alleges upon personal knowledge and belief as to his own acts, and upon information and belief based on investigation by Plaintiff as to all other matters, as to which allegations Plaintiff believe substantial evidentiary support exists or will exist after a reasonable opportunity for further investigation and discovery of evidence, as follows:

### THE PARTIES.

1. Frederick O. Silver, hereinafter "Plaintiff" is an adult Natural Person, a Domicile of San Antonio, in the Great State of Texas 78227. Plaintiff is a "consumer" as defined by 15 U.S.C.

§ 1681a(c) of the FCRA.

2. Defendant Equifax Information Services, LLC ("Equifax") is a credit bureau doing business in Delaware and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). Equifax has a registered agent for service located at Corporation Service Company, 2711 Centerville Rd Ste 400, Wilmington, DE 19808.

3. Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Delaware and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). Experian has a registered agent for service located at Corporation Service Company, 2711 Centerville Rd Ste 400, Wilmington, DE 19808, or in the alternative, at The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

4. Defendant Trans Union, LLC ("Trans Union") is a credit bureau doing business in Delaware and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). Trans Union has a registered agent for service located at The Prentice-Hall Corporation System, Inc., 2711 Centerville Road Suite 400, Wilmington, DE 19808.

5. At all relevant times, All Defendants acted through its duly Authorized Agents, President, Vice President, Employees, Officers, Members, Directors, Heirs, Successors, Assigns, Secretary, Principals, Trustees, Sureties, Subrogates, Representatives, and Insurers.

## *JURISDICTION AND VENUE.*

6. Jurisdiction of this Court arise under 15 U.S. Code § 1681p, and 28 U.S. Code § 1337, Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

7. Venue is Proper in The United States District Court for the District of Delaware pursuant to 28 U.S. Code § 1391(b)(2) in that a substantial part of the events or omissions giving rise to

the claim occurred here, defendants Transacts and Conducts its Business in this Judicial District. Personal Jurisdiction over all three defendants is Established.

### FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 et seq.

8. This Civil Action is brought under The Fair Credit Reporting Act, 15 U.S.C. § 1681, is U.S. Federal Government legislation enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies.

### STATEMENTS OF FACTS OR FACTUAL BACKGROUND.

9. Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC, have been reporting accounts that do not belong to Plaintiff or has been paid in full by Plaintiff in his credit reports since as early as 2018. These accounts appear to belong to Plaintiff but are either fraudulently opened or have been paid in full.

10. In the Four years preceding the filing of this Complaint, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LL, each included false and derogatory accounts and information in plaintiff's credit file and consumer reports, including Judgments, collections, delinquent accounts, Child Support delinquent payments and charged off accounts. The accounts and information did not belong to Plaintiff.

11. Plaintiff disputed false accounts and information to Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC. Plaintiff provided detailed dispute letters, identifying information, and copies of his credit reports with the disputed accounts and information noted.

12. Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC, deleted some of the disputed items, but failed to delete other disputed items. As of the filing of this Complaint, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC, continue to report false and derogatory accounts and information in Plaintiff's credit reports.

13. Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union,

*LLC, failed to block disputed, inaccurate fraudulent accounts and information from Plaintiff's consumer reports.*

14. *As a result of Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC' actions and omissions, Plaintiff has suffered and continues to suffer actual damages including without limitation, credit denials, out-of-pocket expenses, detriment to his credit rating, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.*

15. *At all times pertinent hereto, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC herein.*

16. *A copy of the part of the letter that I sent to defendants: Dear Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC: There are issues with my credit report. I need some help if you don't mind. Check out the issues below:( Listed of disputed items) XXX Please validate this debt, xxx, Please validate this debt. I received a copy of my credit report and am disputing some items that need to be deleted. I have highlighted and numbered these disputed items above. The reasons why these items should be deleted are indicated below:*

17. *According to the provisions of the Fair Credit Reporting Act □ 611(a) [15 USC 1681i(a)], these disputed items must be reinvestigated or deleted from my credit record within 30 days. During the investigation period, these items must be removed from my credit report as the mere reporting of items prior to debt validation constitutes collection activity. Please DO NOT USE THE E-OSCAR method of verifying these accounts. I am requesting the names, addresses and telephone numbers of individuals you contacted during your investigation. Please notify me that the above items have been deleted pursuant to □ 611 (a)(6) [15 USC □ 1681j (a) (6)]. I am also requesting an updated copy of my credit report, which should be sent*

to the address listed above. According to the provisions of □ 612 [15 USC □ 1681j], there should be no charge for this report. If you have any questions or need additional information, please contact me at the address noted above. Thank you.

18. Plaintiff never got a response but instead, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC, stated that they have verified the Debt as Valid.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

20. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional, and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

21. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

22. As a result of Defendant's conduct, Plaintiff has suffered a decreased credit score because of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I – FCRA

### FIRST CLAIM FOR RELIEF FAIR CREDIT REPORTING ACT 15 U.S.C. §§ 1681e(b), 1681i, 1681b

23. Plaintiff repeats, realleges, and incorporates the averments contained in all the above paragraphs of his Complaint and Claims as though fully set forth herein.

24. Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible

accuracy of Plaintiff's consumer reports.

25. Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i, including all parts and subparts, in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

26. Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681b by providing Plaintiff's credit file to users that Defendants did not have a reasonable belief has a permissible purpose to obtain Plaintiff's credit file.

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

28. As a result of Equifax's, Experian's, and Trans Union's violations of §§ 1681b, 1681e(b) and 1681i, Plaintiff has suffered and continues to suffer actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

29. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

30. Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy; and

31. Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit accounts and other information despite having knowledge of its inaccuracy; and

32. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b); and

33. Reporting information with actual knowledge of errors in violation of 15 U.S.C. §1681s-2(a)(1)(A); and

34. Reporting information after notice and confirmation of errors in violation of 15 U.S.C. §1681s-2(a)(1)(B); and

35. Failing to correct and update information in violation of 15 U.S.C. §1681s-2(a)(2)(B); and

36. Failing to provide notice of dispute in violation of 15 U.S.C. §1681s- 2(a)(3); and

37. Failing to investigate with respect to disputed information in violation of §1681s-2(a)(8).

38. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual, and punitive damages, and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants for the following:

    a. Actual damages. d. Statutory damages pursuant to 15 U.S.C. §1681n;

    c. Reasonable fees and costs of suit pursuant to 15 U.S.C. §1681o; and

    d. Such addition and further relief as may be appropriate or that the interests of justice require.

    e. Require such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II– DEFAMATION OF CHARACTER.

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

41. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

42. The inaccurate information published by Defendants is false in that it inaccurately reflects

*Plaintiff's credit information, and paints Plaintiff in a false financial light.*

43. *Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.*

44. *The falsehoods within the trade lines of Defendants constitute falsehoods concerning Plaintiff's credit history.*

45. *Defendants knew or reasonably should have known that the information regarding the trade lines of Defendants which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.*

46. *Defendants continue to publish the false and negative information within the trade lines of Defendants on Plaintiff's credit history up through the present time.*

47. *Defendants knew that the information within the trade lines of Defendants on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.*

48. *The publications of the information within the trade lines of Defendants on Plaintiff's credit report constitute libel per se.*

49. *In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.*

50. *The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.*

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his favor and against the Defendants for the following:

a. That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o.

b. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n.

c. That the Court award costs and reasonable fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

d. An order directing the Defendants immediately and permanently delete all the inaccurate information from Plaintiff credit reports and files and cease reporting the inaccurate information to all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

WHEREFORE, the Plaintiff pray that the Court enters Judgment against Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC.

## DEMAND FOR JURY TRIAL and RESERVATION OF RIGHTS.

Plaintiff hereby request a Trial by Jury on all issues raise in this Amended Complaint and Claims pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

Plaintiffs' investigation of the matters alleged herein is ongoing. Pursuant to such investigation and as allowed by the Court, Plaintiffs expressly reserve the right to amend or supplement the claims herein in accordance with Fed.R.Civ.P. 15.

**Dated: this 7th Day of September 2022.**

*/s/ Frederick O. Silver*
FREDERICK O. SILVER
P.O Box 762244
SAN ANTONIO TX 78245
Tel: 210-803-2299
Email: ASCLV1@gmail.com

FREDERICK SILVER
P.O Box 762244
San Antonio TX 78245



22-1217

TO: Office of the Clerk
U.S District Court
844 North King St. Unit 18
Wilmington, DE 19801-3570



22-1217
FILED
SEP 16 2022
U.S. DISTRICT COURT
DISTRICT OF DELAWARE